Mr. Notovon, please call the first case for argument today. First case for oral argument on Wednesday, October 18, 2023, Case No. 23-1516 from the District of Minnesota, Yasmin Varela v. State Farm Mutual Automobile Insurance. Mr. Notovon. Good morning, and may it please the Court. There are two central issues before the Court this morning. The first is whether the denial of a motion seeking to enforce a binding arbitration provision between the parties may be appealed to this Court pursuant to the Federal Arbitration Act. And the second, of course, is whether that same binding arbitration agreement between the parties obligating them to arbitrate all disputes means just what it says and should include claims that sound in fraud. I think it makes sense this morning to begin with jurisdiction, given the threshold nature of that issue. And again, of course, the jurisdictional basis for this appeal is the Federal Arbitration Act itself, and Section 16A1B in particular, which allows interlocutory appeals from orders that deny petitions to order arbitration to proceed. That is exactly what we have before the Court today. The whole thrust of State Farm's motion to the district court was that this dispute must be, must be decided in arbitration. And the practical effect of the district court's order and of the motion before it was to move this case into arbitration. Can I ask a question about the arbitration provision in the policy? What if, what if the policy had no provisions about arbitration? Would Minnesota State law require certain claims to go to arbitration regardless of the agreement between the parties? It does under the No Fault Act. So long as those disputes are less than, they're about the amount that is owed under the policy and the amount at issue is less than $10,000. What's different about this case, and it's an issue of dispute between the parties, is that State Farm moved to or sought to invoke both the arbitration provision in the policy and also the underlying State law provision. So is it your view that the arbitration provision is different than the State law requirement? Our position is that those two provisions are consistent and can be read together. So, so, so there, is there anything that the, in your view, is there anything that the arbitration provision in the policy adds or expands upon State law requirement that these certain types of claims need to go to arbitration? What it does, because it is a provision in the policy, it is an agreement between the parties to arbitrate. Once we get past the issue, and it is not an issue in this case, of whether that is a binding agreement between the parties, plaintiffs don't contend otherwise. The, the fact that it is in the policy and is a written agreement brings the Federal Arbitration Act into play. And I guess, and I, and that brings maybe to the point I'm, I'm, I'm trying to get at, and I'm trying to understand, is it truly an agreement between the parties if it doesn't, if it doesn't add anything to the parties' requirements? In other words, if it's in there, you've got to go to State, you've got to go to arbitration under State law. If it's not in there, you've got to go to arbitration via State law. So I'm, what I'm trying to figure out, if this is truly an agreement to arbitrate in the traditional sense we're talking about with the Federal Arbitration Act. We submit that it is, Your Honor, that any time you have a written agreement between the parties, and there's no dispute here that we have one. That this is the insurance policy between State Farm and Ms. Varela is a contract, that it contains a binding arbitration provision, and that it applies here. The fact that it is consistent with a separate State law requirement that the parties operate, to me, is really a non sequitur. It's really irrelevant to the issue that we have here, which is... Well, Counselor, irrelevant is kind of the wrong word, because isn't a high percent of your auto policy adapted to what the State law requires? Well, sure, sure it is. Well, what, what percent do you think? What, I don't know that I have analyzed the entirety of the policy in comparison to State law. But, of course, every effort is made to make sure that the policy is written in compliance with State law. In some States it's a high percent. Do you think it's a high percent in Minnesota? Especially since you have no fault in two or three other different positions in many States? I would think that that's the case, Your Honor.  Proceed. One of the oddities about this particular case, and it comes through, I don't want to focus too much on the underlying facts this morning, but that plaintiffs did not seek arbitration here I think is self-evident. But the first time this dispute was ever presented to State Farm was when this lawsuit was filed in Federal court. There was no effort to reach out to State Farm. There was no effort to indicate that there was a decision... There's no requirement to. There's no requirement. Proceed. But I believe that's relevant to the Court's inquiry here, at least under certain of the circuit's analyses. Well, State Farm didn't ask for arbitration either. And that's really my point, Your Honor, is that we didn't know that there was a dispute between the parties until the lawsuit was first filed in Federal court. That's precisely the point. Even in response to the lawsuit, you didn't, State Farm didn't ask for arbitration. Well, but what we did, what State Farm did was as simple as it was unequivocal. And that was in the very first instance when it responded to this case in Federal court. It invoked the arbitration provision in the policy. It filed a broad motion to dismiss, asking this court, asking the district court to dismiss each and every count in Ms. Varela's complaint on the grounds that it was subject to a binding arbitration provision between the parties and making clear on page two, in fact, starting on page two of its opening brief before Judge Thunheim, that this case belonged in arbitration and not in district court. Did the pleadings, that pleading that you're talking about, did it mention the Federal Arbitration Act and specifically Section 16? It did not, Your Honor. Why not? Isn't that kind of odd? It's not. In fact, I would say that is more common as we've looked at the landscape of Federal decisions on this than not. And that is because when you have a written agreement to arbitrate, the law is clear that setting aside State law issues about whether that agreement is binding or not binding or you have an agreement between the parties, the minute that provision is invoked in a written agreement between the parties, the Federal Arbitration Act comes into play. And lest there be any doubt, when the case was argued before the district court, that was the basis. Now, this was argument on a motion to dismiss, right? Pursuant to the binding arbitration provision in the policy. But the argument you're talking about in the brief you're talking about were on a motion to dismiss. It was a 12b-1 and a 12b-6 motion. That is correct, Your Honor. Proceed. And what was clear at the oral argument, Your Honor, Judge Shepard, was that State Farm was invoking the Federal Arbitration Act. There was discussion about that during the oral argument. To obtain dismissal. Excuse me? To obtain dismissal. So that the case could proceed to arbitration. That's correct. Well, where in the motion to dismiss is that found? Well, what's in the motion to dismiss? There's no request to compel arbitration, I guess, is what I'm getting at. And it just seems to me that that's typically, when these cases get to the court of appeals, that's what we are dealing with, is the – either the – an order of the district court compelling arbitration or declining to compel arbitration. And this one just seems different, because all that was requested was dismissal because of a lack of jurisdiction and a failure to state a claim. I respectfully disagree, Your Honor. And I would point the Court to the actual four corners of the motion that State Farm filed. In its actual motion, the State Farm titled its argument, Plaintiffs' Claims are subject to mandatory binding arbitration. It argued repeatedly that Plaintiffs' policy mandated arbitration of all of her claims, that arbitration was required, and that Plaintiffs could not avoid arbitration by bringing this lawsuit. And when we take that against what this Court has held in the Meyer-Henry Sargent v. Williams case, I think the answer here is quite clear. In that case, which we've discussed in our briefs, this Court, looking at a district court's order, said that the focus of the court's inquiry on arbitration is not about how something is titled. It's not about how something is captioned. It's about the substance of the underlying order in that case and here the underlying motion. Well, does it really matter what you communicated to the district court? Because the rest of the quote in Meyer-Henry is not simply what the district court called it. Correct. So you referred to your pleading, and that's good. But isn't the question whether how the district court understood it when it ruled? And I think the district court here understood when it ruled. Judge Tunheim understood that the practical effect was, and I'm paraphrasing because I don't have the order in front of me, but what the district court actually said was, to the effect of this case does belong in arbitration, that the court understood that was the issue that it was deciding. And importantly, the court didn't cite the Federal Arbitration Act. And the court decided that the Federal Arbitration Act applies. It cites. Correct. I have other parts of it, Mark, but it definitely cites it, right? Correct. Correct. So if the substance of what you're seeking is to send it to arbitration and that maybe you're saying you didn't, you cast it as a motion to dismiss, but what about your alternative argument on appeal? You're asking us to say that it was, you're basically saying your alternative argument is appealing the denial of a motion to dismiss. Is that, it sort of seems to be counter to your position that this really wasn't in, I don't know, in substance really a motion to dismiss. Yeah, I'd answer that in two ways, because plaintiffs take issue with this at the district court level. But let me first answer Your Honor's question. Since 2021, when the Supreme Court made clear that an appeal of an interlocutory order under the Federal Arbitration Act, when a party does appeal pursuant to that act and this provision of that act, that the entire scope of the order may be appealed. And we are simply relying on that 2021 decision from the U.S. Supreme Court cited in our papers for the grounds that because we are here, it is appropriate for the court to consider the entirety of the order, not simply the issue of arbitrability of the Minnesota Consumer Fraud Act claim. Plaintiffs make, and this is really the second part of that, they take issue with this, of course, as the case developed in the district court. And that there was somehow something inconsistent with State Farm's belief the case belonged in arbitration on the one hand, and the fact that we were in the alternative, arguing failure to state a claim, among other things. And we submit that there's no inconsistency there at all. The primary argument that State Farm advanced in the district court under 12b1 was that this case was subject to a mandatory binding arbitration agreement between the parties, and that each and every claim belonged in arbitration. And we simply argued in the alternative, should the district court have disagreed with that, that there were independent grounds for dismissal. There's nothing inconsistent about that in our position that the case belongs in arbitration. I would say, since we've been talking about Meyer-Henry, that there is, because this court has not yet addressed the very specific question on jurisdiction that this case presents, is that there's really two threads of law that have developed among the circuit courts. We've laid this out in our briefs, but there's really the First Circuit and Sixth Circuit approach, which rejects any kind of formalistic approach to this at all, and says, if you bring a motion to dismiss and you're focused on arbitration and that's what you're saying as your argument for dismissal, that is the equivalent of a motion to compel arbitration for jurisdictional purposes. We submit that that approach, taken by the First and the Sixth Circuit, is consistent with how this court has construed these issues in the Meyer-Henry case. But even if this court were to move to the second strand of arguments, or second among other courts, the Third and the Fourth Circuits, we believe the same result follows. And I would draw the Court's attention to a very recent decision from the Third Circuit that just — You're getting it well into your rebuttal, but go ahead. Oh, you know, that I will reserve. Well, let me just mention that case. Your time. Go ahead. Thank you. It's 74 F. 4th, 499, and it just came out this summer. And in that case, the Court observed that while the defendant's motion to dismiss was not captioned as a motion to compel arbitration, much of their brief in support of their motion to dismiss focused on why the plaintiff's claims were subject to arbitration. Citing that, which is nearly identical to the briefing that State Farm put into the district court here, the Third Circuit, under the law espoused there, concluded that it had jurisdiction. I'll reserve the remainder of my time. Thank you. You may. Ms. Baxter-Kauf? Good morning. May it please the Court, I'm here on behalf of Plaintiff Varela and the class. As a unanimous Supreme Court ruled in May 2022, the FAAA does not authorize Federal courts to create arbitration-specific procedural rules. Consistent with this precedent, this Court should dismiss the appeal for lack of jurisdiction. Are you saying our Meyer-Henry case was wrong? No, I'm not. Well, it says our jurisdiction rests on the substance of the order. That is correct. Yes. I think that that's correct, but I also think that what you asked my colleague is also correct, which is that it matters on the substance of what the order that the district court issued. And in this instance, State Farm neither sought, neither requested, nor received an appealable order. The only reference to the FAA by the district court is in the standard of review section, and it's in the context of a motion to dismiss for lack of subject matter jurisdiction. And the motion to dismiss for lack of subject matter jurisdiction, I think all the parties agree, or at least State Farm does not contest, is improper on the part of the district court. Black letter, Eighth Circuit law, Selden v. Selden, says that a motion to dismiss for lack of subject matter jurisdiction on the grounds that something is appealable is improper. The district court would have committed error to have done such a motion, and also indicates that if nothing else what this Court should do is dismiss the appeal and direct the district court to have proceedings consistent with that order. Oh, my goodness. I just looked at the district court's order on 7 and 8. Yes. And, boy, he quotes it. He talks about it. He does quote the FAA. Oh, my goodness. He understood this was an FAA case. He mentions the FAA. Oh, more than mentions. Whether an arbitration enforcement is a matter of Federal law, the FAA says, I think he understood this was about the FAA. You may make your argument, of course. No. No problem. I think it is true that the standard of review section of the motion to dismiss this order invokes the FAA and describes the standard of review for the FAA. He calls it applicable law, counsel, not to quibble with you. I know the general heading is subject matter jurisdiction, but then he says applicable law. Go ahead and proceed. Yes. And but does not rule on a motion either to compel arbitration, to stay the case to the – in order to send it to arbitration, or to rule on a petition for arbitration, which are the motions at issue under the FAA that would invoke jurisdiction under 16 U.S.C. Section 9. And there's – and that – or 9 section – U.S.C. Section 16. And that is the relevant portion of it. It's predicated on the plain language of the statute, not merely the reference to the statute. And that's read, this Court's 2012 argument, that if you don't invoke the plain language of the statute regarding the motion to compel arbitration, then that's not sufficient in order to invoke jurisdiction. I think that's especially true here, where the Court – where one of the reasons why this is happening is because State Farm wasn't – did not, in its briefing, invoke the FAA in order to seek a motion. It argued that the Minnesota No Fault Act compelled arbitration under State law grounds. And that has two implications here. One, I think it means that the agreement between the parties or the policy language doesn't add anything to State law. There's nothing in the State law – in the agreement that's beyond the State law determination. Counsel, what percent of the State Farm policy is mimicking State law and requirements? Almost all of it, I believe. Thank you. It's a foreign policy. That was the reason I asked it, too. Yes. And it has to be approved. Yes. And it's a foreign policy. I don't think that means anything at all to say, well, it was required by State law, so it's not really an agreement. The whole thing is required by State law. And it's an agreement, right? The Minnesota Supreme Court said that, I bet – I'll exaggerate – tens or twenties of times. That's true. I think the fact that it's a State law creature has a different implication, which is that in 2008 in Alpine Glass, this Court determined that when the genesis of the agreement is a State law agreement rather than a separate agreement, and when there's no difference, that there's no jurisdiction for that appeal anyway because it has a different implication than the FAA. And so – and the other reason why I think that's relevant in this instance is that the reason why State Farm didn't move to compel arbitration is that State Farm can't move to compel arbitration. Minnesota State law in the Minnesota No-Fault Act says that only the claimant can move to invoke arbitration. So the reason why State Farm didn't move to ask for arbitration or say that the claims are arbitrable is because the motion to dismiss for lack of subject matter jurisdiction that they're arguing for is actually a one-to-one. Counsel, is this in the rules of the Supreme Court of Minnesota? Because the statute doesn't read that way, right? The statute doesn't restrict who can ask for arbitration. The statute does – the statute only refers to claimants when saying who can move. If you read the whole language, it said the procedures for it only allow the claimant to make a claim. So the entire – But the general provision says the Supreme Court shall make a rule about it. Yes. So – Did the Supreme Court make that rule? Yes. There's a set of – yes, that's the procedures that State Farm says are procedural rules rather than substantive rules and the argument about whether the claim is arbitrable. There's the – that whole set of arguments says that only the claimant can make that And – and that's consistent with State Farm's argument to the district court, because State Farm's argument is not only that – is that they – is that the claim was subject to a mandatory arbitration provision which deprives the district court of subject matter jurisdiction and that the claimant couldn't have brought it because it's beyond the one-year statute of limitations. So the argument isn't that the claim was supposed to be arbitrated. The argument is that the case is supposed to be dismissed for lack of subject And that, to me, indicates – it's a justification for why it's consistent with this Court's past precedence on State court jurisdiction that says that the choices that litigants make and how they frame their arguments and how they make their petitions to the court matter. It is true that State Farm could have tried to move for arbitration. They could have referenced the sections that – to stay the case pending an outcome of arbitration or to petition for an arbitration ruling or to send – or to send the case. Or even – or even like one of the cases that they cite, the U.S. Power and Light case. In that case where – where the defendant moved to dismiss or for an – or for a motion to compel arbitration and did those at the same time. Can I interrupt you there and ask you to go back to the statement that you just made? It ties in with what I was wondering about in the case, which was why the motion to dismiss was drafted as it was and was a motion to dismiss instead of a motion for an order compelling arbitration. Right? Yes. So – and you said that – and that may be a paraphrase, but I wrote this down. State Farm didn't ask for arbitration because it wanted the case dismissed so that the – so that the plaintiff could not ask for an order compelling arbitration? So that this – so that the plaintiff could not seek resolution of her claim, either a fraud claim or breach of contract claim, either through the district court or through – so that both options were foreclosed to the plaintiff? Wait, wait. Arbitration has to always be available to you under the No-Fault Act, right? You've got a statutory right many times to that in Minnesota, right, under the No-Fault Act? Tell me if I don't understand what you're saying. Well, State Farm's argument is that the plaintiff lost that right because it had been 16 months between when the claim happened and when – Well, I suppose that's not a good claim. Go ahead. Well, I agree with that, Your Honor, but – I thought you would. Go ahead. But I – my point is just that's the way they argued the motion to dismiss, that the combination of those two things would rid both the court and the arbitration tribunal of the claim in its entirety. And I think the other – the other reason why it doesn't – Counsel, wouldn't they have to raise the statute of limitations under Minnesota No-Fault Act in the arbitration? Surely it works that way. I don't believe so, actually. You're kidding me. I mean, under Minnesota state law, all legal arguments related – legal arguments related to the arbitration are decided by a court. That's why there's a whole – But do you have to raise them before the arbitrator? Well, you could try. I mean, I'm sure State Farm would, if that's – Yeah. If that's the question, right? One thing that's sort of interesting, though, is that entire line of kind of alpine glass cases related to windshields, which there were a lot of for a very period – long period of time. A lot of them are about what do you do with the fact that – that the Minnesota No-Fault Act wasn't – isn't really an arbitration statute in the way that the FAA contemplates arbitration. It's more like – like a place that you go to turn in a receipt and have you – and get paid higher than the amount that your insurer paid you. So the argument is that it's really – it's a consumer protection statute. It's designed to be consumer-friendly. Cut out lawyers. Yes. Cut out courts and cut out procedures. Go ahead. Exactly. To make it so that – that a person who feels like they – that they got paid less than they were supposed to can turn in the receipt of whatever it is they happen and get a ruling right away. And because of that – I'm in court. I'm supposed to say transaction costs. Go ahead. There. And I guess, like all situations, lawyers have made it complicated anyway. And there are a series of cases – The legislature's in session, too, Sam. Go ahead. Yes. To try and – to distinguish the fact that the courts in Minnesota have determined that the arbitration – Minnesota No Fault Act arbitration tribunal can determine the facts of what happened in the case, but they don't make legal determinations. And it's not subject – And the Supreme Court of Minnesota said that, Counsel. I've not researched it. Yes. And so it's not like an FAA arbitration where, you know, the award is subject only to pretty specific types of review. It's a much more robust review. And so there is a bunch of case law in the District of Minnesota of parties trying to determine when can the court determine those legal arguments before the arbitration happens, when do they have to wait until after the arbitration happens. And these are the state district courts, right? These are federal district court cases almost always. Oh, okay. And so there's – so that is sort of the dispute of when that would have to happen. My guess is that if this went to a state arbitration tribunal, State Farm would certainly argue that it was beyond there and then that would either get appealed somewhere or – So in Minnesota, the arbitration isn't the end – necessarily the end of it. No. So – and maybe this happened in the Alpine Glass case as well, that it's like, well, I mean, are you saying that this could go to the Minnesota's no fault procedures and still come back because there's some issue of law that that tribunal couldn't take care of? Yes. And how does that play into your position here? Or does it? Is that relevant to the position that you're taking in terms of whether this is an appealable order under the FAA? I think it's consistent with the district court's order here, which is to say that it means that the determination of what's arbitrable is fundamentally a state law question and a state law contract where, consistent with all insurance contracts, it's construed against the drafter and it's kind of not the same as the FAA's standard that as long as something's arbitrable, everything's arbitrable and you send the whole case there. It's really that – it's really consistent with the argument that they – that there is no FAA right to appeal because it's a state law creature. And when it's a state law-based creature of those situations, you don't have jurisdiction under the FAA to appeal. Now, as a state law – has the Supreme Court recognized the state law distinction you're talking about? Because they've generally read the Federal Arbitration Act broadly, and it, boy, is broader than it can be, any written provision in any contract about commerce in the United States. Yeah. Has your – what authority do you have for that argument? Pretty good argument, but do you have a Supreme Court-like authority for it? I think that the Minnesota Supreme Court – How about the U.S. Supreme Court? The U.S. Supreme Court. That would be more relevant. I don't know – I mean, I think that it's more – it's consistent with Morgan, right, which says that when you're talking about procedural rules and how it is that you construe when the FAA applies, that the FAA is a regular statute. It's not – it doesn't – it's not entitled to special deference in that context. And so if that's the case, then the fact that the first question of construing a contract is always under state law, right? The first question is always a state law question. Then the fact that there's a prior canon of construction in insurance contracts, especially form insurance contracts, especially form insurance contracts where the vast majority of them are determined by the state law that's happening, that that first question is that in an insurance contract, ambiguity is construed against the drafter and it's construed against the insurance company because they have a variety more information than any of their specific policyholders would have. And I don't think those things are inconsistent. State Farm argues that they are. I think this Court's precedent is pretty clear that it's an ordering question, right? The first question is what's the contract and how do we construe state law? And then the second question is once we've decided what that contract is, does it meet the FAA standard for what's arbitrable, right? And then I do think you're right that once it – if you get to that point, the standard for what constitutes arbitrable is certainly a lower threshold than what it would be either under Minnesota law or if every ambiguity is always construed against the drafter for all contracts, not just insurance contracts. I have three seconds, but if you all have questions, I'd be happy to answer them. Let's see if we have questions. More questions? Questions? Thank you for the argument. Yeah, thank you. Ms. Baxter-Croft, Mr. Notoboom, we're back to you. Just a couple of very brief points. First, Judge Benton, you were asking questions of my colleague about the extensive discussion that Judge Thunheim had in his order about the FAA. One of the pieces that hasn't been discussed today – Now, does he reference it except in the applicable law section? Not as I recall. Oh, not as I recall either. Go ahead. But what he does after that extensive discussion over a couple of pages is to say that he understood, the district court understood, that it had to, and I'm quoting, direct the parties – Do you know what page you're on in the order? Well, go ahead. Go ahead. He had to direct the parties to proceed to arbitration, close quote. Direct the parties to proceed to arbitration if he agreed with State Farm. That was the focus of the district court after citing to the FAA. Two, there was discussion about the statute of limitations argument, and I think there is confusion in the underlying record about State Farm's position. So let me be clear. State Farm's position is that the one-year suit limitations provision in the policy precludes this claim from proceeding in court or in arbitration. And we believe that argument should be presented to an arbitrator in an arbitration forum, but it is not inconsistent with our position here, which is that the court has jurisdiction to consider this appeal and to send the consumer fraud act claim to arbitration. Finally, and my time is expiring, may I finish? You have a sentence. You can take a sentence. There was a comment about this not being a real arbitration. It is a real arbitration with real rules, real procedures, and it is where this dispute belongs. Thank you. Thank you both for your argument. Very well presented. Case number 23-1516 is submitted for decision by the Court.